**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALAN N. ORVIN,

Plaintiff,

vs. Case No. 3:13-cv-1417-J-99MMH-JRK

FANNEY MAGNUSSON,

Defendant.

---

FANNEY MAGNUSSON,

Defendant/Third-Party Plaintiff,

vs.

VULCAN MATERIALS COMPANY,

Third-Party Defendant.

---

**ORDER**

**THIS CAUSE** is before the Court on Third-Party Defendant Vulcan Materials Company's ("Vulcan") Notice of Removal and supporting exhibits (Doc. No. 1; Notice, Exhibits A-F) filed on November 15, 2013. On October 11, 2013, Defendant/Third-Party Plaintiff Fanney Magnusson ("Magnusson") filed a motion in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, to add Vulcan as a party to a state court domestic relations action involving Magnusson and her former husband. See Notice, Exhibit A. The state court judge granted Magnusson's motion on October 16, 2013. See id., Exhibit B. After being added as a third-party defendant in the state court action, Vulcan filed the Notice removing the case to this Court. See generally Notice. In doing so, Vulcan asserts that

"[t]his Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331" and that "this action can be removed to this Court, based on ERISA complete preemption[.]" Id. ¶ 16. Specifically, Vulcan alleges that "Magnusson states a claim founded on rights arising under ERISA, 29 U.S.C. §§ 1001, et. seq., in that [Magnusson] seeks retirement benefits that would be governed by ERISA." Id. ¶16.b. According to Vulcan, Magnusson's claim "is completely preempted by ERISA and is necessarily federal in character." Id.

Initially, the Court notes that ERISA does, indeed, contain a broad preemption requirement in that it "supersede[s] any and all State laws insofar as they may . . . relate to any employee benefit plan," subject to certain exceptions. 29 U.S.C. § 1144(a). Vulcan correctly observes that there are two types of ERISA preemption: First there is "defensive" or express preemption, which "provides only an affirmative defense to certain state-law claims" and "does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331[.]" Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999). The second type of preemption is complete preemption, also known as "super preemption," which does "furnish[] subject-matter jurisdiction under 28 U.S.C. § 1331." Id. at 1211-12.

However, "there is an exception to ERISA's preemption and [anti-alienation[1]] provisions that allows for the consideration of 'qualified domestic relations orders'" ("QDRO"). Hallman v. Hallman, No. 5:12-CV-4 (MTT), 2013 WL 820377, at *2 (M.D. Ga.

---

[1] ERISA also contains an anti-alienation/anti-assignment provision that requires pension plans to "provide that benefits . . . under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). "[This statute] limit[s] the effect of agreements outside the plan that purport to direct benefits to someone other than the listed beneficiary." Hallman v. Hallman, No. 5:12-CV-4 (MTT), 2013 WL 820377, at *2 (M.D. Ga. March 5, 2013) (citing Kennedy v. Plan Adm'r for Dupont Sav. and Inv. Plan, 555 U.S. 285, 300 (2009)).

March 5, 2013) (citing 29 U.S.C § 1144(b)(7)) (emphasis omitted).  ERISA defines a QDRO as "a domestic relations order issued by a court, relating to the allocation of spousal property rights, which 'creates or recognizes the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable' under a plan." Reyher v. Trust Annuity Plan for Pilots of Trans World Airlines, Inc., 891 F. Supp. 591, 593 (M.D. Fla. 1995) (citing 29 U.S.C. § 1056(d)).  Additionally, ERISA provides that the preemption clause found in 29 U.S.C. § 1144(a) "shall not apply to [QDROs]." 29 U.S.C. § 1144(b)(7).  If Magnusson's state court claim is premised on a QDRO, state law rather than federal ERISA law would appear to be the applicable law.

Federal courts are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In its Notice, Vulcan invokes this Court's subject matter jurisdiction based upon the presence of a federal question pursuant to 28 U.S.C. § 1331.  Notice ¶ 16.  However, upon cursory review of the Notice and attached exhibits, the Court questions whether removal of

this action is appropriate given that the removal is based on ERISA preemption. See 29 U.S.C § 1144(b)(7); see also Hallman, 2013 WL 820377, at *2; Reyher, 891 F. Supp. at 593. In light of the foregoing, the Court requests that Vulcan provide the Court with information regarding whether this case is dependent on a QDRO, as defined by 29 U.S.C. § 1056(d)(3), and, thus, not preempted by ERISA.[2]

In addition to the Court's concerns regarding the applicability of ERISA preemption, the Court also questions whether Vulcan, as a third-party defendant, can properly remove this action. The language of the removal statute, 28 U.S.C. § 1441, states that "the defendant or the defendants" may remove the action. 28 U.S.C. § 1441(a). "Courts are divided on whether the language of this statute allows a third-party defendant to remove an action." Charter Med. Corp. v. Friese, 732 F. Supp. 1160, 1162 (N.D. Ga. 1989) (citing Soper v. Kahn, 568 F. Supp. 398, 400-01 (D. Md. 1983)). However, the minority of courts that have allowed third-party removal have done so under § 1441(c) rather than § 1441(a). See Soper, 568 F. Supp. at 401. Indeed, in Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135-36 (5th Cir. 1980),[3] the former Fifth Circuit held that a third-party defendant could remove a claim under § 1441(c), provided that the third-party claim was "separate and independent" from the underlying action. See also ALFA Mut. Ins. Co. v. Sanders, 874 F. Supp. 353, 355 (M.D. Ala. 1994) ("[A] third-party defendant seeking to

---

[2] "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). See also 28 U.S.C. § 1446.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

remove must bring a sufficiently 'separate and independent' claim in order to satisfy the removal requirements of 28 U.S.C. § 1441(c).") (citing Carl Heck, 622 F.2d at 136); Baldwin Cnty. E. Shore Hosp. Bd. v. Windham, 706 F. Supp. 38, 40 (S.D. Ala. 1989) ("[W]here recovery upon a claim of liability against one party is dependent upon establishment of liability of another party, then such a claim cannot be said to be separate and independent.") (citing Moore v. United Servs. Auto Ass'n, 819 F.2d 101, 103 (5th Cir. 1987)). Since the Carl Heck decision, Congress has amended § 1441(c) to allow removal only when the relevant claim is within the court's federal question jurisdiction under 28 U.S.C. § 1331. See The Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Res., Inc., 649 F. Supp. 2d 1325, 1330 (S.D. Ala. 2009). Nothing in Vulcan's Notice mentions the right of a third-party defendant to remove a case from state court to federal court. In light of the foregoing, the Court also requests that Vulcan provide the Court with authority addressing Vulcan's right to remove this action as a third-party defendant.

The Court also notes that while the action was pending in state court, Magnusson filed a Motion to Enforce Former Wife's Award of One-Half of the Marital Interest in Former Husband's Retirement (Doc. No. 4) and a Motion for Contempt and Enforcement of Payment of Support (Doc. No. 5). If Magnusson wishes to pursue the relief requested in these Motions, she must comply with the Local Rules for the United States District Court, Middle District of Florida (Local Rule(s)). Specifically Magnusson has failed to comply with Local Rule 4.02(c), which requires the movant to file a memorandum of law in support of any request for relief in accordance with Local Rule 3.01(a). However, in light of the Court's

concerns regarding jurisdiction at this time, the Court will defer consideration on these Motions.

Accordingly, it is hereby **ORDERED**:

1. Third-Party Defendant Vulcan shall **SHOW CAUSE** by written response no later than **December 5, 2013**:

   a. Whether this action involves a qualified domestic relations order and how that determination affects this Court's subject matter jurisdiction.

   b. Whether Vulcan, as a third-party defendant, has authority to remove this action.

2. Once the Court determines whether it has subject matter jurisdiction, the Court will set a deadline for submission of memoranda in compliance with Local Rule 4.02.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of November, 2013.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of record